**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EVARISTUS MACKEY,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-14-2289** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondents** | : | |

**M E M O R A N D U M**

**I.    Introduction**

On November 26, 2014, Petitioner Evaristus Bennie Mackey, an inmate at

the Allenwood United States Penitentiary (USP-Allenwood), in White Deer,

Pennsylvania, initiated this *pro se* petition for writ of habeas corpus pursuant 28

U.S.C. § 2241.  (Doc. 1, Pet.)  He challenges his conviction for possession of a

firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and the sentence

imposed, 327 months, pursuant to the Armed Career Criminal Act (ACCA), 18

U.S.C. § 924(e).  (*Id.*)

The criminal proceedings took place in the United States District Court for the

Eastern District of Louisiana (New Orleans).[1]  Mr. Mackey makes two arguments.

First, when sentencing him as an armed career felon, the government breached a

---

[1]  *See United States v. Mackey*, 2:00-CR-0316 (E.D. La.).  *See* Doc. 1, ECF pp. 21 -
30.

pre-existing state court agreement; and second, he was improperly classified as an armed career criminal. (Doc. 1, Pet.)

"Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994); *see also* 28 U.S.C. § 2243. The court has conducted a preliminary review of Mr. Mackey's habeas corpus petition and attached exhibits. Mr. Mackey has failed to show that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His § 2241 petition will therefore be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section § 2254 Cases in the United States District Courts, 28 U.S.C.A. (West Supp.).[2]

## II.    Background

In 2001, Mr. Mackey was convicted in the United States District Court for the Eastern District of Louisiana of three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to serve a 327-month term of imprisonment because he was found to be an armed career criminal under 18 U.S.C. § 924(e). Mr. Mackey appealed and the United States Court of

---

[2] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. A. foll. § 2254 (West Supp.), the rules governing petitions under 28 U.S.C. § 2254 can be applied to Section 2241 petitions. Rule 4 of the Section 2254 rules permits summary dismissals "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Appeals for the Fifth Circuit affirmed the conviction and sentence on March 22, 2002.  *See United States v. Mackey*, 34 F. App'x 152 (5th Cir. 2002).

On January 15, 2004, the sentencing court denied Mr. Mackey's petition for habeas corpus pursuant to 28 U.S.C. § 2255.  The court also denied the issuance of a certificate of appealability.  *See United States v. Mackey*, 299 F. Supp.2d 636 (E.D. La. 2004).  In May 2004, the Fifth Circuit Court of Appeals dismissed Mr. Mackey's appeal for want of prosecution.  *See United States v. Mackey*, Crim. Action No. 00-316, 2007 WL 1063291 (E.D. La. Apr. 2, 2007).  In 2007, the sentencing court denied Mr. Mackey's 18 U.S.C. § 3582(c) motion seeking re-sentencing and his motion to dismiss his indictment.  (*Id*.)

Mr. Mackey has since attempted to collaterally challenge his sentence by filing at least six other unsuccessful petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In 2004 Mr. Mackey's  first § 2241 petition was filed in this court and asserted that errors in his pre-sentence investigation report resulted in an excessive sentence and an improper prisoner classification.  The petition was denied as Mr. Mackey failed to demonstrate the inadequacy or ineffectiveness of § 2255.  See *Mackey v. Smith*, Civ. No. 3:CV-04-1528 (M.D. Pa. Jul. 26, 2004).  His second § 2241 petition, again filed with this court, raised the same claims asserted in his first petition.  However, he added a claim that he was entitled to be resentenced in light of new Supreme Court decisions.  After determining that the cases relied upon by Mr. Mackey were not retroactively applicable to cases on collateral review, and because he could not demonstrate that his remedy under § 2255 had been inadequate to challenge his sentence, the court dismissed the

petition. *See Mackey v. Smith*, Civ No. 3:CV-05-1087, 2005 WL 1413241 (M.D. Pa.
Jun. 16, 2005).

Mr. Mackey filed his third § 2241 petition in October 2007, in the United
States District Court for the Central District of California.  The petition was dismissed
for lack of jurisdiction as Mr. Mackey again failed to demonstrate that his remedy
under § 2255 was inadequate or ineffective to test the legality of his detention.  *See*
*Mackey v. Bureau of Prisons*, 2:07-CV-6832 (Central Dist. Cal. Oct. 25, 2007).  His
fourth § 2241 petition filed with this court.  *See Mackey v. Holder*, Civ. No. 3:CV-10-
2326, 2011 WL 332491 (M.D. Pa. Jan. 31, 2011).  In this petition Mr. Mackey
argued that the federal authorities could not lawfully charge, arrest or convict him.
The petition was dismissed for lack of jurisdiction after this court again concluded
that Mr. Mackey had not demonstrated that his remedy under § 2255 had been an
inadequate or ineffective means of challenging his conviction and sentence.  (*Id.*)

At some point, Mr. Mackey was transferred to USP-Big Sandy in Inez,
Kentucky.  He filed his fifth and sixth §2241 petitions while housed there.  In his fifth
petition Mr. Mackey alleged, *inter alia*, that the government failed to advise him that
he was to be charged under 18 U.S.C. § 924(e) as an armed career criminal and
that he was actually innocent of being a career offender as the sentencing court
improperly relied upon some convictions when categorizing him as a career
offender.  He also alleged that the federal authorities breached a state plea
agreement concerning his possession of a firearm while being a felon.  *Mackey v.*
*Berkebile*, Civ. No. 12-CV-10-KSF, 2012 WL 4433316, *2 (Sept. 25, 2012).  The
court denied his petition finding that Mr. Mackey had not established a claim of

actual innocence cognizable in a habeas corpus proceeding under § 2241.  It was also noted that "all of the facts underlying his claims were, or should have been, known to him when he filed his § 2255 motion in the sentence court.  He could have asserted all of his current jurisdictional challenges during the trial, at sentencing, on appeal, or in his § 2255 motion, but did not do so."  *Id*. at *2-3.  Undeterred, Mr. Mackey filed his sixth § 2241 petition.  In addressing that petition, the court noted that "Mackey broadly alleges that his remedy under § 2255 provided an inadequate means to challenge his detention" further commenting that his "claims [were] unclear".  *Mackey v. Berkebile*, Civ. No. 7:12-CV-0077, 2012 WL 5363383, *2 (E.D. Ky. Oct. 31, 2012).  "Broadly construing Mackey's memorandum, however, it appears that he is claiming that his conviction and sentence were obtained without due process of law; that federal authorities lacked jurisdiction to prosecute him; that the indictment charging him with committing federal offenses was defective; and that the federal court lacked authority to sentence him to a prison term." (*Id*.)  The court denied his petition finding that Mr. Mackey did not established that his § 2255 remedy was inadequate or ineffective to challenge any of the claims raised.  (*Id*.)

Mr. Mackey's present § 2241 motion was filed on November 26, 2014.  (Doc. 1, Pet.)  He again raises his previously unsuccessful argument that federal authorities breached a State of Louisiana plea agreement.  He also contends that Amendment 709 to the United States Sentencing Guidelines, which he claims to be newly discovered evidence, should be applied retroactively to his case and would result in a reduced sentence because he would not qualify as an armed career criminal under the Amendment 709 "clarification".

## III.    Discussion

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.  *See Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974)); *see also In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law" and the petitioner has obtained authorization from the appropriate court of appeals.  *See* 28 U.S.C. § 2244 and § 2255.  "However, the 'safety valve' clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the 'rare case' in which a § 2255 motion would be 'inadequate or ineffective to test the legality of his detention'"  *Jackman v. Shartle*, 535 F. App'x 87, 89 (3d Cir. 2013)(citing 28 U.S.C. §2255(e) and *In re Dorsainvil*, 119 F.3d at 249-50).

It has long been established that Section 2255 does not become "inadequate or ineffective" merely because the petitioner is unable to meet the gatekeeping requirements of § 2255.  *Cradle*, 290 F.3d at 538–39.  Rather, a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Id.* at 538.  The phrase "wrongful detention" means that: (a) the petitioner "is being detained for conduct that

has subsequently been rendered non-criminal by an intervening Supreme Court decision"; and (b) the petitioner is barred from filing a § 2255 petition. *In re Dorsainvil*, 119 F.3d at 252. However, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971).

Application of the above principles compels the conclusion that Mr. Mackey's petition must be dismissed for lack of jurisdiction. In this case, Mr. Mackey is challenging the validity of his sentence imposed in 2001. Therefore, Mr. Mackey's present § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the safety valve provision would apply, which the court finds it does not.

As noted above, the Third Circuit Court of Appeals has held that § 2255 is not inadequate of ineffective where a petition had any opportunity to present the claim beforehand. This is clearly not the situation in which Mr. Mackey "had no earlier opportunity to challenge his conviction," nor has his conduct been rendered non-criminal. *In re Dorsainvil*, 119 F.3d at 251. Mr. Mackey has already filed a § 2255 petition in the sentencing court thereby evidencing that his remedy by way of a motion under § 2255 is neither unavailable nor inadequate to challenge his claim that the federal authorities violated his state plea agreement. He has also filed several unsuccessful § 2241 petitions raising this same issue. *See Mackey v. Smith*, Civ. No. 3:CV-04-1528 (M.D. Pa. Jul. 26, 2004); *Mackey v. Smith*, Civ No. 3:CV-05-1087, 2005 WL 1413241 (M.D. Pa. Jun. 16, 2005); *Mackey v. Bureau of Prisons*, 2:07-CV-6832 (Central Dist. Cal. Oct. 25, 2007); *Mackey v. Holder*, Civ. No. 3:CV-10-2326, 2011 WL 332491 (M.D. Pa. Jan. 31, 2011); *Mackey v. Berkebile*, Civ. No. 12-CV-10-

KSF, 2012 WL 4433316, *2 (Sept. 25, 2012); and *Mackey v. Berkebile*, Civ. No.

7:12-CV-0077, 2012 WL 5363383, *2 (E.D. Ky. Oct. 31, 2012).  The court finds, as

others have before, that Mr. Mackey's claim of improper sentence enhancement due

to the federal authorities alleged breach of a plea agreement is insufficient to fall

within the *Dorsainvil* exception as it relates to an argument that Mr. Mackey is

factually innocent of a sentencing enhancement as opposed to being factually

innocent of the crime for which he was convicted.  *See e.g.*, *Mikell v. Recktenwald*,

545 F. App'x 82, 84 (3d Cir. 2013) (per curiam) ("Mikell makes no allegation that he is

actually innocent of the drug crime for which he was convicted; he asserts only that

his sentence was improper.  The *Dorsainvil* exception is therefore inapplicable, and

relief under § 2241 is not available."); *McIntosh v. Shartle*, 526 F. App'x 150 (3d Cir.

2013) (per curiam) ("Here, McIntosh is challenging his designation as a career

offender.  Thus, he does not fall within the exception created in *Dorsainvil* and may

not proceed under § 2241."); *Mackey v. Berkebile*, No. 7:12-CV-10, 2012 WL

4433316 (E.D. Ky. Sept. 25, 2012) (allegations of sentencing errors do not qualify as

claims of actual innocence under the savings clause).

Next, Mr. Mackey contends that, under Amendment 709, his prior convictions

and sentences do not make him an Armed Career Criminal, and thus he is actually

innocent of the a 327-month term of imprisonment he received pursuant to 18 U.S.C.

§ 924(e).   Amendment 709 modified the manner in which a defendant's prior

criminal record affected his criminal history category under the Guidelines.  Mr.

Mackey claims that he should be able to proceed under the safety valve provision of

§ 2255 because he could not bring his new actual innocence claim based on

-8-

Amendment 709 in his direct appeal or in his § 2255 motion, because it had not yet been adopted.  The court disagrees.

Challenges, such as Mr. Mackey's, which challenge an earlier-imposed sentenced based on a subsequent change to the Sentencing Guidelines, must be brought in the sentencing court pursuant to 18 U.S.C. § 3582(c).  Under 18 U.S.C. § 3582, an imposed sentence may be modified under extremely limited circumstances including  "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  Mr. Mackey's previous unsuccessful attempt to obtain such relief from the sentencing court on this issue does not make § 2241 relief available.  *See United States v. Mackey*, No. 00-316, 2007 WL 4365380, at *1 (E.D. La. 2007)(denying Mr. Mackey's motion to have his sentence modified after the sentencing court  noted that Amendment 709 is not retroactively applicable).  More importantly, Mr. Mackey's claim is without merit as Amendment 709 was not given retroactive applicability as required by inclusion in U.S.S.G. § 1B1.10(c), and therefore does not apply to his 2001 conviction and sentence.  *See United States v. Wood*, 526 F.3d 82 (3d Cir. 2008).

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: December 30, 2014**